Judge Underwood
delivered the opinion of the Court.
Major instituted suit against upon a note executed by him to Hardin, for $184, who assigned it to Major. Issue was taken on a plea of payment, with leave to give any matter in evidence which could constitute a good defence. Verdict and j udgment for the plaintiff. On the trial, evidence was given, conducing to prove the insertion of a date, to the note without the knowledge of Miles, by interlining “1823.” Miles was agent for the penitentiary, and Hardin its keeper. Warrants or requisitions, were, according to the proof, frequently obtained by Hardin, the keeper, from- the governor, to enable the keeper to draw money from the treasury. The auditor on these requisitions, would not, at all times, give a warrant on the treasury, for the payment of the amount of the requisition, but would wait until the agent, Miles, should make additional payments into the treasury. Under this state of things, it was customary for Miles to receive the requisitions of the governor, and to advance to Hardin any money in his hands, belonging to the penitentiary, and if he had not the whole amount in money, he would give his note or due bill, for the deficiency. Settlements were made every few weeks, when these due bills would be surrendered by Hardin, upon Miles making payment. Miles contends, that the note sued on, was given in transactions,such as the above, and that it had been paid This is denied. There is proof, shewing Miles’s ability to pay, Hardin’s need of money, and that the note had not been demanded for a *154 length of time, and that frequent settlements took place,and that the note is signed by Miles, as agent. Upon the evidence, the defendant moved the court to instruct the jury, that they had a right to infer, that the note sued on, had been given for the balance of a warrant or requisition, such as those described, and that said note had been satisfied afterwards, in the settlements, or gome of them spoken of. The court refused the instruction, to which there is an excep* tion. We think the evidence warranted the instruction, and that it ought to have been given. The jury might have legitimately inferred a discharge of the nóte, from the facts proved. Whether they would or would not have done so, depended upon their consideration of the weight of the evidence. The refusal to give the instruction, was equivalent to a declaration that all the testimony upon which the instruction was predicated, should be disregarded. The jury had a right to consider it, and make it the basis of their verdict, if in .their opinion, it preponderated. It is also proper to remark, that if the jury should believe from the evidence, that the date of the note, by the insertion of “1823,” has been changed from the true date of its execution and delivery, by Hardin, without' the knowledge or consent of Miles, or his agent, legally authorized, and that Miles never did, after the inserlion of “1823,” by interlining, in person, or by agent, legally authorized, re-acknowledge the note, then the instrument is not his act and deed.
If the figures “1823,” be so inserted in a note as to alter the true date of its ex-■coution & delivery, and the obligor never consent to such insertion, nor re-acknowledge the note, then the iiv* • strument is not his act & ■deed.
Crittenden and Monroe, for plaintiff; Denny .and Triplett, for defendant.
The judgment of the circuit court is reversed, and the cause remanded for a new trial, to be had in conformity to this opinion. The plaintiff in error, musí recover his costs.